Bridget S. McCabe (SBN 272545)
bmccabe@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:  310.820.8800
Facsimile:   310.820.8859

Attorneys for Plaintiff
NUZEE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUZEE, INC., a Nevada corporation d/b/a COFFEE BLENDERS, <br><br> Plaintiff, <br><br> v. <br><br> STEEPED, INC., a Delaware public benefit corporation d/b/a STEEPED COFFEE, <br><br> Defendant. | Case No.: **'23 CV 0892 RSH DDL** <br><br> **DECLARATORY JUDGMENT COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NuZee, Inc. d/b/a Coffee Blenders ("Plaintiff" or "NuZee") alleges as follows:

## NATURE OF THE ACTION

1. NuZee's seeks declaratory judgment of trademark non-infringement under 28 U.S.C. §§ 2201 and 2202.

2. On June 27, 2019, Defendant Steeped, Inc. d/b/a Steeped Coffee ("Defendant" or "Steeped") brought a complaint against NuZee for federal trademark infringement of its alleged STEEPED COFFEE mark in the Northern District of California, *Steeped, Inc. v. NuZee, Inc.*, 4:19-cv-03763-HSG (the "Prior Federal Action").

3. The Prior Federal Action was not fully litigated.

4. NuZee's Motion to Dismiss and Motion for Summary Adjudication filed in the Prior Federal Action were denied, and in denying those motions, the court in that case made no findings of fact or determinations of law as to the validity or protectability of the wording "steeped coffee" as an exclusive trademark, as to the strength or weakness of the alleged "steeped coffee" mark, or as to NuZee's alleged infringement of the alleged "steeped coffee" mark.

5. The Prior Federal Action was dismissed on May 21, 2021 without prejudice pursuant to the parties' settlement agreement and a Joint Stipulation and Order for Dismissal.

6. On January 27, 2023, Steeped brought a complaint for breach of contract and intentional interference with contractual relations and prospective economic advantage in the Superior Court of California, Santa Cruz County, *Steeped, Inc. v. NuZee, Inc.*, Case No. 23-cv-00234 (the "State Court Action").

7. Steeped amended its complaint in the State Court Action on April 12, 2023 to bring a claim for fraud in inducement of contract.

8. Notwithstanding Steeped's contract- and tort- based claims, the crux of the parties' dispute turns on the Lanham Act and whether NuZee's use of "steeped

coffee," "steep," "steeps," "steeped," "steeping," "steep bag(s)," "steep pouch(s)," "coffee steeping bags," and other similar variants infringe any of Steeped's purported trademark rights in its Supplemental Register registrations for alleged marks comprised of the common commercial names "steeped coffee," "steeped bag," "steeped pack" and "steeped cold brew."

9. On May 15, 2023, NuZee filed Petitions to Cancel in the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office on the basis that each of the following marks is generic under Section 23(a) of the Lanham Act, 15 U.S.C. § 1091: U.S. Supp. Registration No. 5326063 for "Steeped Coffee"; U.S. Supp. Registration No. 6223920 for "Steeped Bag"; U.S. Supp. Registration No. 6218713 for "Steeped Pack"; and U.S. Supp. Registration No. 6223921 for "Steeped Cold Brew."[1]

10. NuZee seeks a declaration that under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, NuZee does not infringe Steeped's federal Supplemental Register trademark registrations for "steeped coffee" or any other "steeped" or "steeped coffee" formative alleged mark (registered or unregistered) comprised of the common commercial word "steeped." This determination is necessary before Steeped's state law claims can be decided.

11. Steeped has created an actual, substantial, and immediate controversy over the validity, protectability, and rights to use the wording "steeped coffee" that it alleges as an exclusive trademark by filing the State Court Action that alleges breach of contract, tortious interference, and fraud in inducement of contract based on NuZee's alleged use of Steeped's federally registered trademarks, including, for example, by demanding that NuZee be permanently enjoined from using this phrase or any confusingly similar variant. A judicial declaration confirming that NuZee's conduct is lawful under the Lanham Act is necessary and appropriate.

---

[1] The official cancellation proceeding numbers have not yet been issued by the Trademark Trial and Appeal Board.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because the claim of non-infringement of a federally registered trademark arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

13. The claims are proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. This Court has personal jurisdiction over Steeped because Steeped maintains its principal place of business in the State of California.

15. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to NuZee's claims have occurred in this District, and Steeped conducts substantial business in this District.

## THE PARTIES

16. NuZee is a Nevada corporation and its principal place of business is located at 2865 Scott Street, #107, Vista, California 92081.

17. Upon information and belief, Steeped is a Delaware public benefit corporation and its principal place of business is located at 103 Whispering Pines Drive, Scotts Valley, California 95066.

## FACTS

### NuZee's Coffee Roasters Business

18. NuZee was founded in 2011 with the mission of providing pure, safe bottled drinking water. NuZee has since evolved to become one of the world's premier coffee co-packing companies operating in the single serve and private label coffee category. To this day, NuZee remains committed to sustainability, using clean, natural, and healthy ingredients in its coffee products, using compostable filters and recyclable boxes, and using renewable energy in its production facilities.

19. NuZee owns multiple coffee labels, including Coffee Blenders, Twin Peaks Coffee, and DripKit. Under the COFFEE BLENDERS brand, NuZee does

business as Coffee Blenders. Coffee Blenders sells single serve coffee steeping bags for creating steeped coffee and pour over coffee pouches for creating pour over coffee.

### Steeped's Steeped Coffee Business

20. Upon information and belief, Steeped operates in the single serve coffee category, producing and selling single serve coffee steeping bags for creating steeped coffee and coffee-related products, such as mugs and kettles. Steeped also offers private labeling for its steeped coffee bags and licensing of its steeped coffee brewing method.

21. Steeped has claimed to have developed a unique and innovative single-serve coffee product.

22. Steeped's single serve coffee product is referred to on its website, on product packaging, and in the marketplace as "steeped coffee," "steeped coffee bags," "steeped coffee bag," "steeped bags," "steeped coffee pack," "steeped packs," and "single serve steeped bags," among other similar references.

23. Steeped's method for making its single serve coffee product is referred to as the "steeped coffee method" and "steeped brewing method."

24. Steeped compares its "steeped coffee method" to how tea is made, stating on its website at https://steepedcoffee.com/pages/hospitality, "Brewed like tea, our craft-roasted coffee is delivered in sustainable single-serve coffee bags" and at https://steepedcoffee.com/pages/office-coffee, "Brewed like tea, Steeped Coffee delivers specialty coffee in fully compostable single-serve brew bags."

25. On Steeped's website, https://steepedcoffee.com/pages/roaster, it provides the following instructions on "how to steep" its coffee:

**HOW TO STEEP**

Steeped Brewing Method delivers the taste of specialty coffee with the convenience of single-serve - no pods, no plugs, no machines required


**1. POUR**
Place Steeped Bag in cup and gradually pour over 8 oz of hot water per bag.


**2. DUNK**
Dunk the bag for 15-30 seconds or longer for added strength.


**3. STEEP**
Steep for 5+ min. Leave Steeped Bag in cup or until preferred taste.

26. On Steeped's website, https://steepedcoffee.com/pages/roaster, it explains the method for how it produces its steeped coffee, as follows:



27. Steeped has claimed that because its method and product is so unique, the coffee industry has created a new single-serve category that is called the "steeped brewing method" and new product category that is called "steeped coffee" or "steep coffee."

**Steeped's Trademarks**

28. Steeped has asserted against NuZee its U.S. Supplemental trademark registration, No. 5326063, for the wording and alleged mark "steeped coffee", covering "single serving coffee bags" that are steeped in hot water to produce steeped coffee, in Class 30. The registration disclaims "coffee" and is on the

Supplemental Register, a determination and admission that the alleged mark is, best, merely descriptive.

29. Steeped has also claimed that it owns trademark rights in the wording "steep bag," "steeped bag" (U.S. Supp. Reg. No. 6223920), "steeped pack" (U.S. Supp. Reg. No. 6218713), "steeped moment," and "steeped cold brew" (U.S. Supp. Reg. No. 6223921) such that no other party may use any of this wording in connection with steeped coffee or coffee steeping bags.

30. All of these alleged marks are for "coffee," in Class 30 and are registered only on the Supplemental Register.

31. Steeped claims to own exclusive trademark rights in the wording "steeped coffee"; however, "steeped coffee" is the name of the product and product category.

32. Steeped has sought to register numerous trademarks that were deemed non-registrable for failing to function as a trademark because the terms or phrases identified a process/method or were merely informational, including: "steeped brewing method" for "coffee" (Abandoned Application Serial No. 88428091); "single cup coffee" for "coffee" (Abandoned Application Serial No. 88459698); "single cup pouch" for "coffee" (Abandoned Application Serial No. 88459687); "single-serve bag" for "coffee" (Abandoned Application Serial No. 88427930); "single-serve pack" for "coffee" (Abandoned Application Serial No. 88427988); "nitrogen flushed" for "coffee" (Abandoned Application Serial No. 88459684); "no machine required" for "coffee" (Abandoned Application Serial No. 88428036); "fully compostable" for "paper roll stock for packaging; plastic film roll stock for packaging" (Abandoned Application Serial No. 88428287); "fully recyclable" for "coffee" (Abandoned Application Serial No. 88459663); "guilt-free packaging" for "Paper roll stock for packaging; Plastic film roll stock for packaging" (Abandoned Application Serial No. 88428298); and "zero landfill" for "paper roll stock for packaging; plastic film roll stock for packaging" (Abandoned Application Serial

No. 88461329). Numerous of these marks were also refused on the basis of being merely descriptive and amending to the Supplemental Register was not an option.

33. This conduct is consistent with Steeped's desire to improperly claim trademark rights—and therefore improperly claim exclusive rights to control and use—in common terms and phrases that everyone in the coffee and coffee packaging industries are free to use to identify, describe, and convey information about their goods and services.

34. Steeped sought to register the wording "steeped moment" for "coffee" (Abandoned Application Serial No. 88428162) but the application for this wording was abandoned after the U.S. Patent and Trademark Office deemed the word "steeped" merely descriptive, commenting that "[i]n fact, the specimen provided indicates that the goods are steeped coffee," the definition of generic and unprotectable.

35. A term is generic if the relevant purchasing public primarily understands the term as the common name or class name for the goods.

36. A term is generic if its primary significance to the relevant public is the class or category of goods on or in connection with which the term is used.

37. A generic term is not protectible as a trademark.

38. The term "steep" is defined by *Merriam-Webster Dictionary* (https://www.merriam-webster.com/dictionary/steep) as "to soak in a liquid at a temperature under the boiling point" and "to cover with or plunge into a liquid."

39. The term "coffee" is defined by *Merriam-Webster Dictionary* (https://www.merriam-webster.com/dictionary/coffee) as "a beverage made by percolation, infusion, or decoction from the roasted and ground seeds of a coffee plant."

40. "Steeped coffee" is a coffee beverage that is derived from steeping a coffee bag—this is precisely what Steeped sells and precisely the term that Steeped is simultaneously seeking to claim trademark rights in.

41. "Steeped coffee" is generic and/or so highly descriptive such that it cannot function as a trademark when used in connection with single serve coffee bags.

42. The marketplace and consumers refer to single serve coffee bags as "steeped coffee."

43. The marketplace and consumers describe the process by which one makes a coffee beverage from a single serve coffee bag as "steeping coffee."

44. Steeped does not own any protectible trademark rights in the generic wording "steeped," "steeped coffee," "steeped bag," "steeped pack," "steeped cold brew," or similar terms or phrases, and in fact, Steeped itself uses the wording generically, as do its "licensed partners."

45. NuZee's generic use of "steeped" and variations thereof, including in marketing and promotional material, instructions, product descriptions, and on product packaging, is non-infringing.

46. Steeped claims to own exclusive rights to use the words or phrases "steep," "steeps," "steeped," "steeping," "steep bag(s)," and "steep pouch(s)" in connection with single-serve coffee products; however, all of these words and phrases are generic and/or so highly descriptive of the product. These words and phrases are necessarily used to refer to the product, to refer to how the product is made, and in instructions for how to make/use the product.

47. Steeped claims that NuZee agreed to forever refrain from using these terms or phrases in connection with single serve coffee products.[2]

48. Steeped does not have the right to prevent NuZee from using these words and phrases in a generic, descriptive, merely informational, or otherwise non trademark manner.

---

[2] Steeped publicly disclosed in the State Court Action the portion of the confidential settlement agreement that includes the covered terms, signaling that Steeped no longer considers the terms at issue to be confidential.

49. NuZee's use of the words or phrases "steep," "steeps," "steeped," "steeping," "steep bag(s)," "steep pouch(es)," and similar variants in connection with its single serve coffee products is lawful use.

## FIRST CAUSE OF ACTION

### Declaratory Judgment Of Trademark Non-Infringement

50. NuZee incorporates by reference each of the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

51. This claim arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52. There is an actual, substantial, and immediate controversy between NuZee and Steeped over whether NuZee's use of "steeped coffee," "steep," "steeps," "steeped," "steeping," "steep bag(s)," "steep pouch(es)," and other similar variants in connection with its single serve coffee products infringes any purported trademark rights of Steeped, including its asserted trademark registrations for "steeped coffee" (U.S. Supp. Reg. No. 5326063), "steeped bag" (U.S. Supp. Reg. No. 6223920), "steeped pack" (U.S. Supp. Reg. No. 6218713), and "steeped cold brew" (U.S. Supp. Reg. No. 6223921).

53. NuZee currently uses and/or is entitled to use "steeped coffee," "steep," "steeps," "steeped," "steeping," "steep bag(s)," "steep pouch(es)," "coffee steeping bags," and other similar variants in referring to and describing its single serve coffee products and intends to continue to do so.

54. Steeped does not own any valid and enforceable trademark rights in its asserted marks giving it exclusive right to use the generic wording "steeped coffee," "steeped bag," "steeped pack," and "steeped cold brew" because the wording is generic and/or so highly descriptive for the covered goods, and thus not protectible under the Lanham Act.

55. Steeped does not own any valid and enforceable trademark rights in "steeped coffee," "steep," "steeps," "steeped," "steeping," "steep bag(s)," or "steep

pouch(s)" because the words and phrases are generic and/or so highly descriptive when used in connection with single serve coffee products.

56. In view of the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

57. NuZee seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that it use of the term "steep" and any variations thereof generically is non-infringing.

## PRAYER FOR RELIEF

WHEREFORE, NuZee prays for judgment in favor of NuZee and against Steeped, as follows:

A. For a judicial determination and declaration that NuZee's use of the term "steep" or any variations thereof generically does not infringe any purported trademark rights of Steeped.

B. For NuZee's reasonable attorneys' fees and costs to the extent permitted by law; and

C. For such further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: May 15, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Bridget S. McCabe*
Bridget S. McCabe

Attorneys for Plaintiff
NUZEE, INC. d/b/a COFFEE BLENDERS